**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| FABION D. BROWN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-24-1220-SLP |
| | ) | |
| MARGARET GREEN, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**O R D E R**

Petitioner Fabion D. Brown, a state prisoner proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his Oklahoma state-court conviction in Case No. CF-2012-938, District Court of Oklahoma County. Petitioner's Amended Petition [Doc. No. 11] is the operative pleading. Respondent filed a Motion to Dismiss [Doc. Nos. 30–31], to which Petitioner responded. [Doc. No. 33]. On December 29, 2025, United States Magistrate Judge Chris M. Stephens entered a Report and Recommendation (R&R) recommending the Court dismiss the Petition with prejudice because Petitioner waived his right to federal habeas review. [Doc. No. 38] at 7.

Petitioner was advised that he could object to the R&R and that failure to timely object could result in the waiver of his right to appellate review of the factual and legal issues raised. Petitioner timely objected. [Doc. No. 39]. The Court, therefore, must make a de novo determination of the portions of the R&R to which specific objections have been made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Review of all other issues addressed

by the Magistrate Judge is waived. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

## I.    Background

The R&R sets out the procedural history in detail, and the parties do not object to its recitation of the background. In pertinent part, Petitioner was convicted by jury in June 2014 of (1) two counts of first-degree murder and (2) conspiracy to commit a felony in Case No. CF-2012-938 in the District Court of Oklahoma County, Oklahoma, and he was sentenced to death. On direct appeal, the Oklahoma Court of Criminal Appeals affirmed the convictions, but reversed and remanded for resentencing due to a *Faretta* error. *See* OCCA Order [Doc. No. 31-5]; *Brown v. State*, 422 P.3d 155, 171-73 (Okla. Crim. App. 2018); *see also Faretta v. California*, 422 U.S. 806 (1975).[1]

At resentencing on January 11, 2019, Petitioner appeared with counsel (who had served as standby counsel during his 2014 jury trial and sentencing) and entered into a sentencing agreement under which the State dismissed its Bill of Particulars in exchange for Petitioner's waiver of all appellate rights and consent to judicial sentencing. *See* [Doc. No. 31-1] at 54–56, 58; Appeal Waiver [Doc. No. 31-6] at 8. The waiver is documented across multiple signed instruments: a Waiver of Right to Appeal specifically enumerating and waiving "federal habeas corpus review", *id.*; an Agreed Sentencing Summary executed in open court reflecting "All Appellate rights waived" as an express term of sentence and

---

[1] The Court agrees with the R&R's conclusion that the exhibits attached to Respondent's supporting brief are pertinent matters of record and conversion to a motion for summary judgment is not required. R&R [Doc. No. 38] at 1. Petitioner did not object to this conclusion.

all answers were "freely and voluntarily given," *id.* at 2, 4–5; a certification by defense counsel confirming counsel had advised Petitioner of his appellate rights, that he fully understood them, and that he "affirmatively states he/she does not want to appeal this conviction — Defendant has signed waiver," *id.* at 5, 7; and Petitioner's own written confirmation that he fully understood the questions asked and that his answers were freely and voluntarily given, *id.* at 2, 4–6. Petitioner was sentenced to life without the possibility of parole. [Doc. No. 31-6] at 2; [Doc. No. 31-7].

Petitioner filed no challenge for nearly two years. Between 2021 and 2024, he filed a series of post-conviction applications in state court, all dismissed on the ground of his appeal waiver. Petitioner now seeks federal habeas relief on two grounds: (1) that the prosecution knowingly presented false testimony from multiple witnesses in violation of the Sixth and Fourteenth Amendments, and (2) that the state district court violated due process in dismissing his second post-conviction application. [Doc. No. 11]. The Magistrate Judge recommends dismissal based on enforcement of the appeal waiver under the framework of *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004). Petitioner objects on eight grounds.

## II.    Petitioner's Objections

Petitioner raises multiple objections to the R&R, several of which overlap. For clarity, the Court addresses them by subject matter rather than in strict numerical order. The Court first considers Petitioner's objections to the legal framework applied to the waiver, then his objections to whether the waiver was knowing and voluntary, and finally

his objections concerning miscarriage of justice, actual innocence, and the need for further proceedings.

### A. Applicable Framework – Objections I, IV, VI, and VII

Several of Petitioner's objections contend that the Magistrate Judge applied the wrong legal framework to his analysis.  For example, in Objection I, he argues that because guilt was determined by jury verdict rather than guilty plea, the plea-based waiver framework in *Hahn* is inapposite and the waiver cannot bar review of trial-stage constitutional violations.  [Doc. No. 39] at 1–2.  In Objections IV, VI, and VII, Petitioner argues that *Schlup v. Delo*, 513 U.S. 298 (1995), rather than *Hahn*, is the governing framework, that actual innocence independently defeats enforcement of any waiver, and that the Magistrate Judge erred by reaching the waiver question before conducting a *Schlup* analysis.  [Doc. No. 39] at 5–7, 9–11.  The Court disagrees.

The Tenth Circuit evaluates the enforceability of an appellate waiver under a three-prong analysis: (1) whether the disputed matter falls within the scope of the waiver; (2) whether the waiver was knowing and voluntary; and (3) whether enforcement would result in a miscarriage of justice.[2]  *Hahn*, 359 F.3d at 1325.  Although Petitioner entered a sentencing agreement rather than a guilty plea, *Hahn* and analogous contract principles govern.  *Sternberg v. Sec'y, Dep't Of Health And Hum. Servs.*, 299 F.3d 1201, 1206 (10th Cir. 2002); *Mathis v. Jones*, 490 F. App'x 132, 135 (10th Cir. 2012), *aff'g* No. CIV-11-694-C, 2012 WL 668813 (W.D. Okla. Jan. 10, 2012).  In *Mathis*, as here, an Oklahoma

---

[2] Petitioner did not object to the R&R's conclusion that the disputed matter falls within the scope of the waiver so the Court does not review that issue herein.

state prisoner convicted of murder by a jury agreed to life without parole in exchange for dismissal of a capital Bill of Particulars and a full waiver of appellate rights. *Mathis*, 490 F. App'x at 135. When analyzing the enforceability of the waiver, the Tenth Circuit cited *Hahn* to support the requirement that a defendant must have "sufficient awareness of the relevant circumstances and likely consequence" of the waiver. *Id.* Ultimately, the *Mathis* court affirmed the denial of habeas relief because the petitioner failed to demonstrate that the state court's finding of a valid, knowing, and voluntary waiver was an unreasonable application of Supreme Court precedent. *Id.*

Thus, the Court agrees with the Magistrate Judge's conclusion that, at minimum, "*Hahn*'s analysis is instructive when reviewing Petitioner's appeal waiver."[3] R&R [Doc. No. 38] at 10. The Court further finds that the R&R properly analyzed Petitioner's waiver under established waiver principles, including whether the waiver in the Sentencing Agreement was within scope, knowing and voluntary, and whether enforcement would result in a miscarriage of justice.[4] Nor did the R&R err by stating that the relevant

---

[3] This is, in part, because the logic behind enforcing appeal waivers in plea agreements is the same as in sentencing agreements. As the Second Circuit explained, "permitting a defendant who has secured the benefits of [a plea] agreement to appeal a sentence conforming to the agreement would render the plea bargaining process and the resulting agreement meaningless . . . The same logic applies in this case." *United States v. Cano*, 190 F. App'x 34, 36 (2d Cir. 2006) (internal quotations and citation omitted).

[4] Other circuits have held that waivers in post-conviction sentencing agreements are enforceable. *See United States v. Walters*, 732 F.3d 489, 491 (5th Cir. 2013) ("We will enforce a defendant's waiver of appellate rights if the waiver was knowing and voluntary, and if the waiver applies to the circumstances at hand."); *United States v. Cano*, 190 F. App'x 34, 36 (2d Cir. 2006) ("Although the waiver here at issue is part of a sentencing agreement rather than a plea agreement, we have held that the two are analogous for purposes of determining the enforceability of appeal waivers." (citation omitted)); *United States v. Cheney*, 571 F.3d 764, 766 (8th Cir. 2009); *United States v.*

miscarriage-of-justice inquiry focuses on whether the waiver itself is unlawful, rather than whether some other aspect of the underlying proceedings allegedly involved legal error. That is the correct inquiry under the waiver cases the R&R applied. Petitioner provides no persuasive authority demonstrating that it was error to apply *Hahn* or the framework traditionally applied to guilty-plea waivers. The Court finds Objection I lacks merit.[5]

Relatedly, Objections IV, VI, and VII all rest on the same premise: that Petitioner's appeal waiver is an ordinary procedural bar to which *Schlup* and cause-and-prejudice principles automatically apply. [Doc. No. 39] at 5–11. Specifically, in Objection IV, Petitioner argues that actual innocence overrides any "procedural waiver" where the State does not dispute the underlying facts. In Objection VI, he argues that the R&R committed a sequencing error by enforcing the waiver before determining whether he satisfied the actual-innocence gateway under *Schlup.* In Objection VII, he argues that the R&R failed to conduct the required *Schlup* analysis at all.

The Court is not persuaded. Procedural default arises when a petitioner fails to properly present a claim to a state court or fails to properly exhaust a habeas claim. *Tryon v. Quick*, 81 F.4th 1110, 1139 (10th Cir. 2023). Even where a procedural default exists, a petitioner may overcome it by showing either cause and prejudice for the default or actual

---

*Trejo-Nolasquez*, 346 F. App'x 374 (10th Cir. 2009); *United States v. Stevens*, 66 F.3d 431, 437 (2d Cir. 1995).

[5] Additionally, as noted in the R&R, other federal habeas courts have similarly enforced a state defendant's appeal waiver made in connection with the defendant's plea or sentencing agreement so long as the waiver was explicit and made knowingly and voluntarily. *See* R&R [Doc. No. 38] 11 (gathering cases); *see also Johnston v. Hill*, 340 F. Supp. 2d 1134, 1141 (D. Or. 2004) (holding waiver of post-conviction rights in state plea agreement precluded habeas relief under § 2254).

innocence.  *Frye v. Raemisch*, 546 F. App'x 777, 781 (10th Cir. 2013) (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)).  Here, the R&R correctly recites these standards and concludes enforcement of a waiver of appellate rights is not a procedural default.  The Court agrees.  An express contractual waiver of appellate rights is distinct from the concept of procedural default.  An express appeal waiver is an affirmative, bargained-for agreement to relinquish the right to seek further review in exchange for a discrete benefit.  Petitioner's cited cases do not establish that application of *Schlup* is required.  Thus, the Court disagrees with Petitioner that the R&R "nullifies" *Schlup*.  The R&R simply concluded, correctly, that *Schlup* does not control the threshold issue presented here.  Upon de novo review, the Court agrees with the analysis in the R&R.

### B.  Knowing and Voluntary – Objections II, III

In Objections II and III, Petitioner challenges whether the waiver was "knowing and voluntary."  Specifically, he argues that he could not knowingly and voluntarily waive his right to appeal because Respondent withheld key evidence before he signed the waiver, including impeachment information about the lead detective.  He further argues that Respondent allowed a false and misleading narrative to reach the jury and that any waiver obtained after a conviction under those circumstances cannot be knowing, intelligent, or voluntary.

These arguments were not presented to the Magistrate Judge and may not be raised for the first time in an objection.  *See United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived."); *see also San Roman v. Vaughn*, 442 F. App'x 365,

370 n.5 (10th Cir. 2011).  While Petitioner relied on the false testimony and Harkins allegations as part of his broader actual-innocence, cause-and-prejudice, equitable-tolling, and anti-waiver arguments, *see* Pet.'s Resp. [Doc. No. 33] at 2–7, he did not present arguments that his waiver was unknowing or involuntary.  *See* R&R [Doc. No. 38] at 13 ("Petitioner neither challenges voluntariness of the appeal waiver in his Petition nor claims in his Response that he waived any appellate rights unknowingly or involuntarily.").  Thus, these arguments are deemed waived.  Nevertheless, even if the Court were to reach the merits, Petitioner's authorities and argument focus on whether the alleged conduct could support an underlying due process claim.  He does not cite any authorities that demonstrate the R&R erred in finding that the waiver was knowing and voluntary based on alleged errors in the underlying proceeding.  *But see Hahn,* 359 F.3d at 1326 n.12 (discussing the "logical failings of focusing on the result of a proceeding, rather than on the right relinquished, in analyzing whether an appeal waiver is unknowing or involuntary").  Accordingly, and upon review, the Court agrees with the well-reasoned conclusion of the Magistrate Judge that Petitioner knowingly and voluntarily waived his right to federal habeas relief through his Waiver of Right to Appeal, related documents he signed with counsel, and his statements in open court.

### C.  Miscarriage of Justice – Objections III, IV, V, VII, VIII

Many of Petitioner's objections relate to the analysis in the R&R concerning *Hahn*'s third prong regarding whether enforcing a waiver would result in a "miscarriage of justice." As noted in the R&R, enforcement of an appellate waiver results in a miscarriage of justice only in four circumstances: (1) where the district court relied on an impermissible factor

such as race, (2) where ineffective assistance rendered the waiver invalid, (3) where the sentence exceeds the statutory maximum, or (4) where the waiver is otherwise unlawful. *United States v. Elliott*, 264 F.3d 1171, 1173 (10th Cir. 2001).  The R&R concluded that the first three exceptions were not applicable, and Petitioner does not object to that conclusion.  Instead, the R&R (and therefore, Petitioner's Objections) focused primarily on the last element and whether a claim of actual innocence is part of the analysis.  *See* R&R [Doc. No. 38] at 14–17.

In Objections III and V, Petitioner reasserts arguments considered and rejected by the Magistrate Judge that false testimony presented at trial and evidence suppressed in violation of *Brady* and *Giglio* render the waiver otherwise unlawful under *Hahn*'s miscarriage of justice prong, and that these constitutional violations at the 2014 trial should defeat enforcement of the Sentencing Agreement's waiver.  [Doc. No. 39] at 3-5, 7-8. However, the "otherwise unlawful" inquiry is directed at the waiver itself, not alleged errors in the underlying conviction.  *United States v. Smith*, 500 F.3d 1206, 1213 (10th Cir. 2007); *United States v. Gutierrez*, 133 F.4th 999, 1009 (10th Cir. 2025).  "For the waiver to be invalid on the ground of unlawfulness, the unlawfulness must seriously affect the fairness, integrity or public reputation of judicial proceedings." *United States v. Sandoval*, 477 F.3d 1204, 1208 (10th Cir. 2007) (internal quotations and citation omitted).  Thus, the "inquiry is not whether the sentence is unlawful, but whether the waiver itself is unlawful because of some procedural error or because no waiver is possible."  *Id.* Petitioner identifies no circumstances that satisfy this inquiry, and the record reflects none. The Court agrees with the R&R that the "otherwise unlawful" exception does not apply.

In Objections IV and VII, Petitioner argues that his evidence of actual innocence is sufficient to overcome the waiver. [Doc. No. 39] at 5–7, 10–11. Petitioner largely frames these arguments in the context of the R&R's error in applying *Schlup* rather than as it relates to the "miscarriage of justice." *Id.* However, the R&R considered whether a claim of "actual innocence" creates an additional fifth exception to the *Hahn* enforcement framework and in doing so, considered the merits of Petitioner's claim of actual innocence. R&R [Doc. No. 38] at 15–17. Accordingly, giving liberal construction to Petitioner's objections and having already determined *Schlup* does not apply, the Court reviews the objections within the *Hahn* framework.

As an initial matter, the Tenth Circuit has not held that actual innocence satisfies *Hahn*'s miscarriage of justice exception in the context of an express appellate waiver. *United States v. Miles*, 546 F. App'x 730, 733 n.1 (10th Cir. 2012); *United States v. Winberg*, 786 F. App'x 753, 758–59 (10th Cir. 2019). In both cases, the court assumed without deciding that actual innocence might implicate the "otherwise unlawful" category and denied relief because the actual innocence claim failed on the merits. Doing the same, the Magistrate Judge concluded that even assuming actual innocence could satisfy *Hahn*'s miscarriage of justice exception, the merits of the claim failed. [Doc. No. 38] at 16–17. Petitioner's Objections do not challenge any specific finding or analysis as it relates to the R&R's conclusion that his claim of "actual innocence" fails on the merits. Rather, the Objection simply repeats the same factual allegations argued to the Magistrate Judge and argues that *Schlup* should have been employed. [Doc. No. 39] at 5–7. Accordingly,

10

because Petitioner does not specifically challenge the R&R's merits analysis of his actual-innocence claim, de novo review of that aspect of the R&R is not required.

In conclusion, the Court agrees with the analysis and conclusions in the R&R such that Petitioner's appeal waiver precludes federal habeas relief, and enforcement of his appeal waiver will not result in a miscarriage of justice.

**D. Additional Pending Motions**

In addition to the Motion to Dismiss, the R&R also addressed three additional motions or requests for relief by Petitioner: (1) Request for Discovery and Evidentiary Hearing [Doc. No. 33]; (2) Motion for Court Intervention [Doc. No. 35]; and (3) Motion to Confer [Doc. No. 37]. The R&R recommends that if the Court adopts the R&R then each request should be denied as moot. Petitioner does not object to this recommendation.

However, Petitioner's Objection VIII addresses the need for an evidentiary hearing, but it appears to depart from the position he took before the Magistrate Judge. In his Response to the Motion to Dismiss, he requested an evidentiary hearing. [Doc. No. 33] at 9–11. But in Objection VIII, he now argues that no evidentiary hearing is needed because the facts are undisputed, and he further contends that enforcing the waiver in this formerly capital case would not satisfy the required standard of heightened reliability. [Doc. No. 39] at 11–12; *see also Woodson v. North Carolina*, 428 U.S. 280, 304 (1976) (holding the Eighth Amendment requires that sentencing procedures in capital cases be evaluated under a heightened standard of reliability). Beyond this conclusory statement, Petitioner provides no authority that such a standard would apply in this context. He also did not argue for a heightened reliability standard in his briefing to the Magistrate Judge. *See* [Doc. No. 33].

11

Even if the Court assumed the standard is applicable, Petitioner provides no argument or analysis as to why any of the R&R's conclusions do not meet that standard. Thus, even liberally construed, Petitioner's argument is conclusory and underdeveloped, and the Court declines to consider it. *See Moore v. Gibson*, 195 F.3d 1152, 1180 n.17 (10th Cir. 1999) (court will not consider unsupported and undeveloped issues in federal proceeding for habeas relief under § 2254).

### III.    Conclusion

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 38] is ADOPTED and the Respondent's Motion to Dismiss [Doc. No. 30] is GRANTED. Accordingly, the Amended Petition [Doc. No. 11] is DISMISSED WITH PREJUDICE. A separate Judgment of Dismissal shall be entered contemporaneously with this Order.

IT IS FURTHER ORDERED that Petitioner's Motion for Court Intervention [Doc. No. 35] and Petitioner's Motion to Confer [Doc. No. 37] are DENIED as MOOT.

IT IS FURTHER ORDERED that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a petitioner. A COA may issue only upon "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Upon consideration, the Court finds the requisite standard is not met in this case. Therefore, a COA is DENIED.

IT IS SO ORDERED this 24th day of March, 2026.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE

13